IVERS, Judge,
dissenting:
The majority manipulates the clear language and intent of the underlying decision on the merits in this case to conclude that the appellant was a prevailing party for purposes of EAJA. The majority elevates what the Court called a “Miscellane *416 ous Matter,” related to an issue that the Court expressly stated it did not review, to a basis for remand. For the reasons stated herein, I find the manipulation to be disingenuous, and I respectfully dissent.
The majority has determined that the appellant was an EAJA prevailing party by declaring that the underlying remand was predicated upon administrative error, recognized by the Court in its statement that the Board erred in applying the continuity-of-symptomatology criteria. McCormick v. Principi, 16 Vet.App. 407, 411-12 (2002); see McCormick v. Gober, 14 Vet.App. 39, 49 (2000). In stretching to reach this conclusion, the majority has the tail wagging the dog.
In the decision on the merits in the underlying appeal in this case, the Court stated the following: “In this case, the Board denied the [appellant’s] claim as not well grounded.... The appellant does not, in essence, challenge the Board’s negative determination on well groundedness, and, in view of the Court’s holding in part U.B., below, we need not review that determination.” McCormick, 14 Vet.App. at 43 (emphasis added). In part II.B. the Court held (the dog) that the provisions of a VBA letter were substantive in nature, having the force of law, so as to require that VA request copies of service medical records and VA medical records before making a determination as to whether a claim is well grounded. Id at 49. As noted by the majority here, the Court remanded for compliance with the VBA letter. See McCormick, 16 Vet.App. at 408.
At the end of the decision on the merits, as a preventive measure and cautionary note entitled “Miscellaneous Matter,” the Court “noted” (the tail) that the Board, in its decision, had misapplied criteria for determining continuity of symptomatology in finding that the appellant’s claim was not well grounded. Id. at 49-50. The Court had stated that it was remanding for further development, and then advised the Board not to misapply, as it had before, the criteria for determining continuity of symptomatology during readjudication of the claim. The latter instruction was advisory in nature because the Court had clearly stated that it need not review the unchallenged determination on well groundedness.
The majority in this EAJA matter now elevates what was non-precedential and advisory to a basis for remand on the merits. The fact that the Court, in the decision on the merits, stated that the Board’s determination on well groundedness was not under review is certainly sufficient support for a conclusion that the Court’s sua sponte comments regarding a shortcoming in the Board’s process of making that determination were not a basis for the remand. In other words, contrary to the far-reaching conclusion arrived at by the majority, the remand effected by the decision on the merits was not predicated upon the administrative error recognized by the Court in its advisory note.
The majority’s manipulation of the decision on the merits in this case is analogous to a post hoc rationalization, which is firmly prohibited in litigation. See Martin v. Occupational Safety & Health Review Comm’n, 499 U.S. 144, 156, 111 S.Ct. 1171, 113 L.Ed.2d 117 (1991) (“ ‘Litigating positions’ are not entitled to deference when they are merely appellate counsel’s ‘post hoc rationalizations’ for agency action, advanced for the first time in the reviewing court.”) It is not unlike a post hoc rationalization for the majority now to take what it said in the decision on the merits in this case and turn it upside down to serve a particular result.
*417 It is my opinion that the appellant was not a prevailing party in the litigation underlying this EAJA application, because the remand was not predicated upon administrative error. The EAJA application should be denied.